Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Anthony Smith

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------X
Anthony Smith

                     Plaintiff,

      v.

LVNV Funding, LLC; Valentine & Kabartas,
LLC; Credit Control, LLC; and Forster,
Garbus & Garbus


                   Defendants.
------------------------------------------------------X

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

        Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against

the Defendants, alleges as follows:


**INTRODUCTION**

1. Plaintiff brings this action to secure redress for the debt collection practices utilized by

    LVNV Funding, LLC ("LVNV"), Valentine & Kabartas, LLC ("V&K"), Credit Control,

    LLC ("Credit Control"), and Forster, Garbus & Garbus ("FGG") (collectively "the

    Defendants") in connection with their attempts to collect an alleged debt from the

    Plaintiff.

2. Plaintiff alleges that the Defendants' collection practices violated the Fair Debt Collection

    Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

   a. The acts giving rise to this lawsuit occurred within this District; and

   b. Defendants do business within this District.

## PARTIES

7. Plaintiff, Anthony Smith, is an individual natural person who at all relevant times resided in the City of Hoboken, County of Hudson, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. LVNV is a limited liability corporation with its principal place of business located at 55 Beattie Place – Suite 110, Greenville, SC 29601.

10. LVNV is a post-default purchaser of consumer debts. LVNV's business model is to pay less than ten cents on the dollar for an individual's defaulted debt and then seek to collect the full amount of that defaulted debt from the individual.

11. LVNV's website describes LVNV as a corporation that purchases debts after they have been charged off by their original creditor. *See* http://lvnvfunding.com (Last visited September 21, 2020).

12. The principal purpose of LVNV is the collection of debts using the mail and telephone.

13. Debt collection is the principal purpose of LVNV's business.

14. LVNV has no principal purpose other than purchasing defaulted debts and then seeking to collect said debts.

15. Debt collection is LVNV's only business.

16. LVNV is in the business of debt-buying.

17. LVNV exists solely for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

18. LVNV's only business is the purchasing of debts for the purpose of collecting on those debts.

19. LVNV's *raison d'être* is obtaining payment on the debts that it acquires.

20. LVNV does not offer or extend credit or engage in lending, they only purchase defaulted debts at a discount and then attempt to collect said debts.

21. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. V&K is a limited liability corporation with its principal place of business located at 15 Union Street – Suite 202 Lawrence, MA 01840.

23. The principal purpose of V&K is the collection of debts using the mail and telephone.

24. V&K regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25. V&K's website describes V&K as, "an industry leader in the fields of account receivable and collection services". *See* https://valentineandkebartas.com/vk-difference/ (last visited September 21, 2020).

26. V&K is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

27. Credit Control is a limited liability corporation with its principal place of business located at 5757 Phanton Drive – Suite 330 Hazelwood, MO 63042.

28. The principal purpose of Credit Control is the collection of debts using the mail and telephone.

29. Credit Control regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30. Credit Control is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

31. FGG is a law firm with its principal place of business located at 60 Motor Parkway Commack, NY 11725.

32. The principal purpose of FGG is the collection of debts using the mail and telephone.

33. FGG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

34. FGG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

35. Sometime prior to February 1, 2019, Plaintiff allegedly incurred a debt to Credit One Bank, N.A. ("Credit One") related to a personal credit card account with an account number ending in 0696 (the "Debt").

36. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Credit One.

37. The Debt arose out of a credit card account which Plaintiff opened for his personal use.

38. Plaintiff's credit card account that was issued by Credit One was neither opened nor used by Plaintiff for business purposes.

39. Plaintiff's personal credit card account Debt to Credit One is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

41. The Debt went into default because of non-payment.

42. After the Debt went into default, the Debt was allegedly sold by Credit One to LVNV.

43. The Debt was in default when it was allegedly purchased by LVNV.

44. LVNV claims that they purchased the Debt and are now the entity to whom the Debt is owed.

45. LVNV contends that the Debt is in default.

46. The Debt was in default at the time the Debt was allegedly purchased by LVNV.

47. At all times relevant hereto, the Defendants acted in an attempt to collect the Debt.

48. Sometime prior to February 13, 2020, Plaintiff disputed the Debt.

49. On February 13, 2020, in response to Plaintiff's dispute of the Debt, LVNV, through their servicer/manager of the Debt, Resurgent Capital Services L.P ("Resurgent"), sent Plaintiff two letters (the "LVNV Letters"). In the LVNV Letters, Resurgent stated that

they manage the Debt for LVNV, have "initiated a review of the inquiry we have received", and provided Plaintiff with what LVNV claimed was verification of the Debt in response to Plaintiff's Dispute. (Annexed and attached hereto as <u>Exhibit A</u> is a copy of the LVNV Letters, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy)

50. On February 28, 2020, in response to the LVNV Letters, Plaintiff wrote a letter to LVNV (the "Response Letter"), care of Resurgent, which stated as follows:

> In response to your February 13, 2020 letter, I refuse to pay this debt under any circumstances."

(Annexed and attached hereto as <u>Exhibit B</u> is a copy of the Response Letter, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy)

51. Plaintiff mailed the Response Letter via first class certified mail, and the Response Letter was received by LVNV, care of Resurgent, on March 6, 2020 at 7:03am. (Annexed and attached hereto as <u>Exhibit C</u> is a copy of a certified mail printout from the United States Postal Service showing that LVNV received the Response Letter on March 6, 2020 at 7:03am)

52. At all times after March 6, 2020 at 7:03am, LVNV had actual written notification from the Plaintiff that he refused to pay the Debt.

53. Prior to March 24, 2020, the Response Letter was uploaded into LVNV computer system and the account file that LVNV has for Plaintiff.

54. After receiving Plaintiff's Response Letter, LVNV continued to attempt to collect the Debt and continued to communicate with the Plaintiff in connection with the collection of the Debt by referring the Debt to a series of debt collectors.

55. Sometime on or prior to March 24, 2020, LVNV referred the Debt to V&K for collection.

56. At the time LVNV referred the Debt to V&K for collection, LVNV provided V&K with all LVNV's account information related to the Debt and the Plaintiff. Included in the account information that LVNV provided to V&K was the fact that LVNV received the Response Letter from Plaintiff wherein he, in writing, told LVNV that he refused to pay the Debt.

57. On or about March 24, 2020, V&K mailed or caused to be mailed a letter to Plaintiff (the "V&K Letter"). (Annexed and attached hereto as Exhibit D is a true copy of the V&K Letter dated March 24, 2020 that V&K mailed or caused to be mailed to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy).

58. V&K had actual knowledge prior to mailing the V&K Letter to Plaintiff that LVNV had received the Response Letter from Plaintiff wherein he stated to LVNV, in writing, that he refused to pay the Debt.

59. V&K mailed the V&K Letter attached as Exhibit D as a part of their efforts to collect the Debt on behalf of LVNV.

60. Plaintiff received the V&K Letter in the mail.

61. Plaintiff read the V&K Letter upon receipt of the letter in the mail.

62. The V&K Letter was sent in connection with the collection of the Debt.

63. The V&K Letter seeks to collect the Debt.

64. The V&K Letter conveyed information regarding the Debt including the Total Due, V&K account number, and requested payment of the Debt.

65. The V&K Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

66. After originally referring the Debt to V&K for collection, LVNV later referred the Debt to Credit Control for collection.

67. At the time LVNV referred the Debt to Credit Control for collection, LVNV provided Credit Control with all LVNV's account information related to the Debt and the Plaintiff. Included in the account information that LVNV provided to Credit Control was the fact that LVNV received the Response Letter from Plaintiff wherein he, in writing, told LVNV that he refused to pay the Debt.

68. On or about May 12, 2020, Credit Control mailed or caused to be mailed a letter to Plaintiff (the "Credit Control Letter"). (Annexed and attached hereto as Exhibit E is a true copy of the Credit Control Letter dated May 12 2020 that Credit Control mailed or caused to be mailed to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy).

69. Credit Control had actual knowledge prior to mailing the Credit Control Letter to Plaintiff that LVNV had received the Response Letter from Plaintiff wherein he stated to LVNV, in writing, that he refused to pay the Debt.

70. Credit Control mailed the Credit Control Letter attached as Exhibit E as a part of their efforts to collect the Debt on behalf of LVNV.

71. Plaintiff received the Credit Control Letter in the mail.

72. Plaintiff read the Credit Control Letter upon receipt of the letter in the mail.

73. The Credit Control Letter was sent in connection with the collection of the Debt.

74. The Credit Control Letter seeks to collect the Debt.

75. The Credit Control Letter conveyed information regarding the Debt including the Total Due, Credit Control account number, and requested payment of the Debt.

76. The Credit Control Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

77. After originally referring the Debt to V&K and then Credit Control for collection, LVNV later referred the Debt to a third debt collector, FGG, for collection.

78. At the time LVNV referred the Debt to FGG for collection, LVNV provided FGG with all LVNV's account information related to the Debt and the Plaintiff. Included in the account information that LVNV provided to FGG was the fact that LVNV received the Response Letter from Plaintiff wherein he, in writing, told LVNV that he refused to pay the Debt.

79. On or about September 9, 2020, FGG mailed or caused to be mailed a letter to Plaintiff (the "FGG Letter"). (Annexed and attached hereto as <u>Exhibit F</u> is a true copy of the FGG Letter dated September 9, 2020, that FGG mailed or caused to be mailed to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy).

80. FGG had actual knowledge prior to mailing the FGG Letter to Plaintiff that LVNV had received the Response Letter from Plaintiff wherein he stated to LVNV, in writing, that he refused to pay the Debt.

81. FGG mailed the FGG Letter attached as <u>Exhibit F</u> as a part of their efforts to collect the Debt on behalf of LVNV.

82. Plaintiff received the FGG Letter in the mail.

83. Plaintiff read the FGG Letter upon receipt of the letter in the mail.

84. The FGG Letter was sent in connection with the collection of the Debt.

85. The FGG Letter seeks to collect the Debt.

86. The FGG Letter conveyed information regarding the Debt including the Total Due, FGG

reference number, and requested payment of the Debt.

87. The FGG Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).


## CLAIMS FOR RELIEF

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(against LVNV Funding, LLC)**

88. Plaintiff incorporates by reference all of the above paragraphs as though fully stated

herein.

89. The conduct of the LVNV in this case violates 15 U.S.C. §§ 1692c(c) and 1692d.

90. 15 U.S.C. §1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay
> a debt or that the consumer wishes the debt collector to cease further
> communication with the consumer, the debt collector shall not communicate
> further with the consumer with respect to such debt, except --
>
>> (1) to advise the consumer that the debt collector's further efforts are being
>> terminated;
>>
>> (2) to notify the consumer that the debt collector or creditor may invoke
>> specified remedies which are ordinarily invoked by such debt collector or
>> creditor; or
>>
>> (3) where applicable, to notify the consumer that the debt collector or
>> creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt

(Emphasis Added)

91. 15 U.S.C. §1692d provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

92. LVNV violated § 1692c(c) of the FDCPA because they continued to communicate with the Plaintiff in an attempt to collect the Debt after receiving the Response Letter. After receiving the Response Letter, 15 U.S.C. § 1692c(c) required LVNV to cease all communications with Plaintiff, except for those communications described in subjections (1), (2) and (3) of § 1692c(c), none of which are applicable here. Rather than cease communications with the Plaintiff, LVNV referred the Debt to three different debt collectors and then directed each of those debt collectors to communicate with the Plaintiff, on LVNV's behalf (an "indirect" communication), in an attempt to collect the Debt by sending the collection letters referenced above to Plaintiff.

93. LVNV violated § 1692d of the FDCPA because their efforts to collect the Debt after receiving the Response Letter has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt. Rather than ceasing communications with the Plaintiff after receiving the Response Letter, as they were legally required to do, LVNV began a campaign of harassment and abuse directed toward the Plaintiff over the next five months by hiring three separate debt collectors to contact the Plaintiff in efforts to collect the Debt. This conduct has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt, and thus LVNV violated § 1692d.

94. Plaintiff has suffered and continues to suffer actual damages as a result of LVNV's unlawful conduct including but not limited to humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

95. LVNV is liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

**CLAIMS FOR RELIEF**

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(against V&K, Credit Control, and FGG)**

96. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

97. The conduct of V&K, Credit Control, and FGG in this case violates 15 U.S.C. § 1692d.

98. At the time LVNV referred the Debt to V&K, Credit Control, and FGG for collection, LVNV provided V&K, Credit Control, and FGG with all LVNV's account information related to the Debt and the Plaintiff, including information that LVNV received the Response Letter from Plaintiff wherein he, in writing, told LVNV that he refused to pay the Debt.

99. V&K, Credit Control, and FGG each had actual knowledge prior to sending their letters to Plaintiff that LVNV had received the Response Letter from Plaintiff, wherein he, in writing, told LVNV that he refused to pay the Debt.

100.     V&K, Credit Control, and FGG all knew prior to sending their letters to Plaintiff that LVNV had received the Response Letter from Plaintiff, and therefore that LVNV

was legally prohibited from continuing to communicate with Plaintiff in an attempt to collect the Debt. Despite this actual knowledge, V&K, Credit Control, and FGG each communicated with the Plaintiff, at the request of and on behalf of LVNV, in an attempt to collect the Debt. V&K, Credit Control, and FGG's continued communication with the Plaintiff on behalf of and at the direction of LVNV, despite knowing that LVNV was not allowed to communicate with the Plaintiff in connection with the collection of the Debt, has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt.

101.     Plaintiff has suffered and continues to suffer actual damages as a result of V&K's unlawful conduct including but not limited to humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

102.     V&K is liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

103.     Plaintiff has suffered and continues to suffer actual damages as a result of Credit Control's unlawful conduct including but not limited to humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

104.     Credit Control is liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

105.     Plaintiff has suffered and continues to suffer actual damages as a result of FGG's unlawful conduct including but not limited to humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

106.     FGG is liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against the Defendants for:

        (1)        Statutory damages;

        (2)        Actual damages;

        (3)        Attorney's fees, litigation expenses and costs of suit; and

        (4)        Such other and further relief as the Court deems proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: Floral Park, New York
       September 22, 2020

                /s/ Ryan Gentile
       By:_____
           Ryan Gentile, Esq.
           *Attorney for Plaintiff*
           110 Jericho Turnpike – Suite 100
           Floral Park, NY 11001
           Tel: (201) 873-7675
           Fax: (516) 305-5566
           rlg@lawgmf.com